******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

TOWN OF ELLINGTON *v.* PAUL ROBERT ET AL.
(AC 37193)

Gruendel, Mullins and Sullivan, Js.

*Argued October 13—officially released November 17, 2015*

(Appeal from Superior Court, judicial district of
Tolland, Sferrazza, J.)

*Paul Robert*, self-represented, the appellant (named
defendant), filed a brief.

*Christopher T. Bowen*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this matter concerning the foreclosure of tax liens, the self-represented defendant, Paul Robert,[1] appeals from the supplemental judgment of the trial court rendered in favor of the plaintiff, the town of Ellington (town). On appeal the defendant claims that the court erred in rendering the supplemental judgment and in denying the defendant's motion to open that judgment. We affirm the judgment of the trial court.

The following facts inform our review of the defendant's claims. By complaint dated July 2, 2013, the town filed this action to foreclose tax liens. After a trial on the merits, the court rendered judgment of foreclosure by sale. The defendant appealed from that judgment, but his appeal was dismissed as untimely. The town then filed a motion for a supplemental judgment, seeking a new sale date and additional fees. The defendant filed a written objection to the motion for a supplemental judgment, which stated: "The defendant, Paul Robert, hereby objects to plaintiff's motion for attorney fees and for the following reason. 1. Plaintiff did not wait ten days before filing for a Supplemental Judgment." The court overruled the defendant's objection and on August 4, 2014, rendered a supplemental judgment of foreclosure by sale finding that the debt owed to the plaintiff was $100,677.44 and that the fair market value of the property was $737,000. The court also awarded attorney's fees in the amount of $5500, an appraisal fee in the amount of $500 and a title search fee in the amount of $225. The new sale date was set for September 20, 2014.

On August 22, 2014, the defendant filed a motion to open the supplemental judgment, claiming that the fees and expenses approved by the court were excessive and that he was denied the opportunity to argue his objection to the request for a supplemental judgment. The court conducted a hearing on the defendant's motion on September 8, 2014. When the court asked the defendant to explain why he wanted to open the supplemental judgment, the defendant responded: "Well, I tried to get the money and it's going to take some time. I need six months." The court explained that any sale would not be effective until it was approved by the court and that this would give the defendant some additional time. The court then denied the defendant's motion. This appeal followed, in which we consider whether the court abused its discretion. *Citibank, N.A.* v. *Lindland*, 310 Conn. 147, 166, 75 A.3d 651 (2013).

On appeal the defendant claims that the court "abused its discretion in calculating the amount of attorney fees and the debt as well as setting a quick sale date . . . ." He contends that the supplemental judgment was improper, as was the denial of his motion to open that judgment. The town argues that the "[d]efen-

dant failed to present any new evidence that would have altered the outcome of the trial court's judgment granting the plaintiff's motion for supplemental judgment. When given a hearing, the defendant offered no evidence to support his claims nor any citation or analysis as to why the judgment should be opened as a result of fees allegedly being too high or based on his desire for more time to pay the debt." We agree with the town, and we further conclude that the defendant similarly has offered little legal analysis or argument in support of his claims on appeal.[2]

Having fully considered the defendant's brief and the arguments set forth therein, we conclude that his claims are without merit and undeserving of further discussion. See *Light* v. *Grimes*, 156 Conn. App. 53, 70, 111 A.3d 551 (2015).

The judgment is affirmed and the case is remanded to the trial court for the purpose of setting a new sale date and recalculating the debt.

[1] Henry Robert, the Internal Revenue Service and the Ellington Water Pollution Control Authority were also named as defendants before the trial court. They are not, however, parties to this appeal. Accordingly, we refer to Paul Robert as the defendant.

[2] The defendant, without explanation, also did not appear for appellate oral argument. We permitted the town to go forward with its argument in his absence.